# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:

ROLAW OF SHELTER ISLAND, INC.,
d/b/a MICHAEL ANTHONY'S FOOD BAR,

Case No. 17-73626 (REG)

Chapter 11

Debtor
------------------------------------------------------------ X

## STIPULATION AND ORDER

Rolaw of Shelter Island, Inc., d/b/a Michael Anthony's Food Bar (the "Debtor"), the above-referenced debtor and debtor-in-possession, by and through its counsel, Macco & Stern, LLP, and the the New York State Department of Taxation and Finance (the "Claimant"), by and through its counsel, enter into this stipulation (the "Stipulation") to resolve the Debtor's objection to the proof of claim number 1 filed by the Claimant [Dkt. #32], and respectfully sets forth as follows:

**WHEREAS**, at all relevant times, Debtor operated a restaurant located in Brookhaven, New York.

**WHEREAS**, between September 2007 and May 2014, Claimant assessed taxes and penalties against the Debtor for under-payment of sales taxes arising from cash receipts (collectively, the "Assessments").

**WHEREAS**, in June 2017, Claimant seized the Debtor's business for non-payment of the Assessments.

**WHEREAS**, on June 13, 2017 (the "Petition Date"), the Debtor and filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**WHEREAS**, by order (the "Bar Date Order"), entered June 23, 2017, the court established December 11, 2017 (the "Bar Date") as the last day to file proofs of claims.

**WHEREAS**, on June 14, 2017, Claimant filed a claim, assigned proof of claim number 1, in the secured amount of $319,591.68, representing the balance of the Assessments as of the Petition Date against the Debtor's estate, which claim was amended to include a priority unsecured amount of $5,474.12 on September 18, 2017 (as amended, the "Claim").

**WHEREAS**, on September 13, 2017, Debtor objected to the Claim and sought to disallow, reduce, and/or expunge the Claim (the "Objection").

**WHEREAS**, on October 30, 2017, Claimant responded to the Objection [Dkt. #36].

**WHEREAS**, the Debtor has continued to operate its business as a debtor-in-possession under Bankruptcy Code §§1107 and 1108. To date, the Office of the United States Trustee (the "UST") has not appointed a chapter 11 trustee or official committee of unsecured creditors

**WHEREAS**, Debtor and Claimant have engaged in informal discovery related to the Assessments, the Claim, and the Objection and, in the spirit of compromise, have agreed to settle the Assessment and the Objection and the Claim.

**NOW, THEREFORE**, it is hereby stipulated and agreed as follows:

1. The Claim shall be reduced as follows: (a) a secured claim in the amount of Two Hundred Nine-Thousand and 00/100 ($209,000.00) Dollars (the "Secured Portion"); and (b) a priority unsecured claim in the current amount of Five Thousand Four Hundred Seventy-Four and 12/100 ($5,474.12) Dollars (the "Priority Portion").

2. The Claim, as reduced pursuant to paragraph 1, shall be allowed against the Debtor and shall not be subject to any defense or counterclaim, right of setoff, reduction, avoidance, disallowance or subordination. The liens securing the Secured Portion of the Claim will continue until payment in full as set forth herein.

3.  As set forth in paragraph 5, Debtor shall pay the Claimant on account of the Claim as follows: (i) payment in full of the Priority Portion; and (ii) monthly installment payments (each, an "Installment Payment") equal to the Secured Portion over six (6) years amortized at six (6%) percent interest. The liens securing the Secured Portion of the Claim will continue until the Secured Portion is paid in full.

4.  The Claim, as reduced pursuant to paragraph 1, shall survive any subsequent dismissal of the Debtor's chapter 11 case.

5.  Debtor shall remit the Priority Portion and the first Installment Payment: (a) upon the effective date of any order approving a proposed plan of reorganization (the "Effective Date"); or (b) entry of an order dismissing the chapter 11 case (the "Dismissal Date").

6.  The provisions of this Stipulation will be incorporated into any plan of reorganization filed in this case.

7.  Debtor shall not be subject to any prepayment penalty for the deferred balance of the Secured Portion, and Claimant shall provide an up-to-date payoff upon request of the Debtor.

8.  Claimant shall not take any effort to enforce the Claim, as reduced pursuant to paragraph 1, against the principal of the Debtor and his spouse while the Debtor remains current under this Stipulation.

9.  The Objection is resolved.

10. With respect to the Claim, other than the right to receive distributions as set forth herein with respect to the Claim, the Claimant and its affiliates, successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustee and attorneys, shall have no further right to payment from, and are hereby barred from asserting any claims whatsoever,

whether known or unknown, asserted or not, in law or in equity, against the Debtor, its estate, or its successors or assigns, in existence as of the date of this Stipulation and arising from or related to the Claim.

11. The Debtor, its estate, and its successor or assigns, hereby release any and all claims or causes of action against the Claimant relating in any way to the Stipulation or other agreements between the Claimant and the Debtor.

12. This Stipulation may not be modified other than by a signed writing executed by the Parties hereto or by order of the Court.

13. Each person who executes this Stipulation represents that he or she is fully authorized to do so on behalf of the respective Party hereto and that each such party has full knowledge and has consented to this Stipulation.

14. This Stipulation may be executed in counterparts and a facsimile or electronically transmitted copy of this Stipulation shall be deemed an original.

15. This Stipulation shall be governed by and construed in accordance with laws of the United States, including the Bankruptcy Code, and the laws of the state of New York.

16. This Stipulation is subject to the approval of the Court.

17. The Bankruptcy Court shall retain jurisdiction over this Stipulation and any and all disputes arising out of or otherwise related to the Stipulation.

Dated: Islandia, New York
      January __, 2018

**Macco & Stern, LLP**
Attorneys for the Debtor-in-Possession

By: _____
Michael J. Macco
Cooper J. Macco
2950 Express Drive South, Suite 109
Islandia, New York 11749
(631) 549-7900

**Rolaw of Shelter Island, Inc.,
d/b/a Michael Anthony's Food Bar**
Debtor-In-Possession

By: _____ Pres.
Michael Toscano
President

Dated: New York, New York
      January 22, 2018

**ERIC T. SCHNEIDERMAN
Attorney General of the State of New York**
Attorneys for the New York State Department of Taxation and Finance

By: _____
Enid Nagler Stuart
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8666

**SO ORDERED:**